## SAGEMAN v. WEIR.

### (Supreme Court, Appellate Term. March 5, 1908.)

CARRIERS—EXPRESS COMPANY—SPECIAL CONTRACT—LIMITATION OF LIABILITY.
    A receipt issued by an express company based its charge on the value of the property, and limited the same to $50 unless a greater value was declared, and also stated that in consideration of the rate charged, regulated as stated, the shipper agreed by its acceptance ,that the company should not be liable for more than $50, if no value be stated. The shipper took the paper without perusal or otherwise learning its contents Held, that the minds of the parties met in the agreement embraced therein, and the shipper could recover no more than $50, where a loss resulted from ordinary negligence.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 691.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by William J. Sageman against Levi C. Weir, as president of the Adams Express Company, on a contract of carriage. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Wood & Goldsmith (H. P. Wood, of counsel), for appellant.
Cravath, Henderson & De Gersdorff (Arthur W. Clement, of counsel), for respondent.

GILDERSLEEVE, P. J. The judgment rendered by the trial court shows that it was found, as a matter of fact, that the minds of the parties met in the agreement embraced in the receipt, so that its terms constitute the contract between the parties. This conclusion is supported by the evidence, and the case, therefore, falls within the rule laid down in Bernstein v. Weir, 40 Misc. Rep. 635, 83 N. Y. Supp. 48.

The judgment should be affirmed, with costs to the respondent

BISCHOFF, J., concurs.

MacLEAN, J. (concurring). The plaintiff, about to take a train at Asbury Park for New York, handed his luggage, making no statement as to its value, for transportation to his residence in Mt. Vernon, to the agent of the joint-stock association called Adams Express Company, of which the defendant is president, a common

carrier, and received a paper, entitled "Non-negotiable Bill of Lading," whereon was printed in heavy-faced type at the top, "The company's charge. is based upon the value of the property, which must be declared by the shipper," and at the foot, "Liability limited to $50, unless a greater value is declared," and also containing, in smaller type, a statement that, in consideration of the rate charged for carriage, a rate regulated by the value of the property, and based upon a valuation not exceeding $50 unless a greater be stated, the shipper (the plaintiff) agrees, by acceptance, that the company shall not be liable in any event for more than $50 if no value be stated. The shipper taking the paper without perusal or otherwise learing its contents, unwitting of its terms, the carrier would have imputed to him, by merely receiving it, the parties were not at agreement—"the outcome of consenting minds * * * a distinct intention common to both"—although to meet similar situations the courts have factitiously termed the relation of parties similarly situated a contract. By his acts and omissions the shipper subjected himself to the carrier's limitation of its responsibilities, a limitation long known abroad and anticipated in this state as early as 1830. The terms, so far as they concern this issue, in the paper given to the plaintiff, are substantially the same as commonly used in this country for more than a generation of mankind, so commonly that they would appear now familiar, if they ever can be made so, to all who for business or convenience send articles by express. This carrier has no official franchise or accorded monopoly, and he who ships by it should ascertain beforehand its reasonable regulations. As repeatedly recognized, it is permissible to fix in advance the amount of responsibility undertaken by the carrier, negligence aside, and leave the shipper to decide for himself whether he will declare the true value, pay accordingly for special care, with a hand to hand receipt from messenger to messenger and a sort of insurance, or pay the common charge, rest upon the ordinary chances of transportation, take his own risk, save money, and be his own insurer. These parties acted accordingly. The judgment should be affirmed.

Judgment affirmed, with costs to the respondent.